Gujeen, J.
delivered the opinion of the, court.
This is an action of tresspass for taking two horse mules, the property of the plaintiff. It appeared in evidence, that Lewis C. Allen, on the 28th day of January, 1839, executed a deed of trust to the plaintiff, conveying several mules and horses, and among them, the two mules described in the declaration. This deed was registered the 28th February, 1839, and the register’s certificate of *118 that fact, then endorsed upon the deed. Afterwards, the register discovered that he had not correctly copied the deed, and that the mules in controversy, were described in the register’s book, as “mare mules,” whereas the deed described them as “horse mules.” Upon discovering this mistake, the register, on the 7th of September, 1839, corrected his copy so as to make it read, “horse mules,” instead of “mare mules.” These facts were proven by the register, who was introduced as a witness in the cause, for that purpose.
The court charged the jury in substance; that a deed registered only could operate as notice of such conveyance of the property described in the registration; that after the supposed registration óf a deed, if the register should ascertain he had mistaken some words, he might lawfully correct the registration, by inserting the words of the deed in place of those that had been written by mistake, but that, as by the act of Assembly, as against creditors and subsequent purchasers, deeds take effect only from the date of their registration, the corrected words, would only have effect from the time of their insertion.
There was a verdict and judgment for the defendant, and the plaintiff appealed in error to this court. The law was correctly stated by the court below. The registration, is the only notice the law contemplates, that purchasers and creditors can have of the contents of a deed.
The whole contents of the deed are to be spread upon the register’s book, and other persons have a right to presume, that it has been correctly copied. To require that purchasers should examine the original deed, would be destroying the utility, and perverting the object of registration. This would be exceedingly inconvenient, and sometimes impossible, and in the language of the Chancellor in Frost vs. Beckman, (1 John. Chan. Rep. 299,) “The registry might prove only a snare to the purchaser.”
The registry is good, therefore, and notice to others, only so far as it correctly describes the property, and if corrected, cannot take effect as to the correction, except from the date thereof. 1 John. Chan. Rep. 299. The register was a competent witness to prove the correction of the registry, and the date when such correction Avas made. Miller’s lessee vs. Estill, Meigs’Rep. 479. Let the judgment be affirmed.